# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BONNIE LOU KREINER,**

    **Plaintiff,**

v.                              Case No: 6:16-cv-1013-Orl-28DCI

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Bonnie Lou Kreiner (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by: 1) failing to weigh her treating physicians' opinions; 2) assigning significant weight to a non-examining physician's opinion; and 3) posing a hypothetical question to the Vocational Expert (VE) that did not account for all of her functional limitations. Doc. 19 at 15-24. Claimant argues that the matter should be reversed and remanded for an award of benefits, or, in the alternative, for further proceedings. *Id*. at 24-25. The undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

**I.    THE ALJ'S DECISION.**

This case stems from Claimant's application for disability insurance benefits. R. 172-73. Claimant alleged a disability onset date of December 21, 2011. R. 172.

The ALJ issued her decision on August 14, 2014. R. 13-22. The ALJ found that Claimant's date last insured was June 30, 2015. R. 15. The ALJ found that Claimant has the following severe impairments: cervical degenerative disc disease with spondylosis; lumbar degenerative disc

disease; left shoulder and right knee degenerative joint disease; status post carpal tunnel syndrome surgery. R. 15. The ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 15-16.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. § 404.1567(b),[1] with following limitations:

> [Claimant] is able to occasionally lift and carry 20 pounds, and she is able to frequently lift and carry 10 pounds. She is able to sit or stand for eight hours a day with the option to alternate between sitting and standing every 30 minutes. She is able to walk for four hours out of an eight-hour workday. She is not able to climb ropes, ladders or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, bend, squat, stoop, crawl, crouch and kneel. She is not able to do any overhead lifting, but she can use the upper extremities in all ways. She should not be exposed to heights or vibrations.

R. 16. The ALJ, in light of this RFC, found that Claimant was unable to perform her past relevant work. R. 20-21. The ALJ, however, found that Claimant could perform other work in the national economy, such as counter clerk, ticket seller, and parking lot cashier. R. 21-22. Thus, the ALJ found that Claimant was not disabled between her alleged onset date, December 21, 2011, through the date of the decision, August 14, 2014. R. 22.

## II. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. ANALYSIS.

#### A. Physician Opinions.

This appeal primarily centers on the ALJ's consideration of medical opinions. Claimant argues that the ALJ erred by not weighing her treating physicians' opinions, including the opinion of Dr. Kavita Sharma. Doc. 19 at 18-22. Claimant also argues that the ALJ erred by assigning significant weight to the opinion of a non-examining physician, Dr. David Guttman. *Id*. at 17-18. Thus, Claimant argues that the ALJ's RFC determination is not supported by substantial evidence. *Id*. at 22. The Commissioner argues that the ALJ properly considered and weighed the medical opinions of record, and the ALJ's RFC determination is supported by substantial evidence. Doc. 24 at 5-9.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[2]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

The opinion of a non-examining physician is generally entitled to little weight and, "taken alone, do[es] not constitute substantial evidence." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985). The ALJ, however, may rely on a non-examining physician's opinion where it is consistent with the medical and opinion evidence. *See* 20 C.F.R. § 404.1527(c)(4); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (finding that the ALJ did not err by relying on a consulting physician's opinion where it was consistent with the medical evidence and findings of the examining physician); *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991).

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

The undersigned, as an initial matter, must address Claimant's argument that the ALJ erred by not weighing her treating physicians' opinions. This argument suggests that the record contains opinions from several treating sources, and that the ALJ failed to weigh each of the treating source's opinions. Claimant, though, limits her argument to Dr. Sharma, arguing that the ALJ failed to weigh Dr. Sharma's opinion. Doc. 19 at 22.[3] Claimant does not discuss any other treating source, or identify any other treating source opinions that the ALJ allegedly failed to weigh. *See id*. at 15-22. Thus, the undersigned finds that Claimant has effectively abandoned her argument

---

[3] Claimant does argue that the ALJ failed to weigh the opinion of another treating physician, Dr. Zaman. Doc. 19 at 21. This appears to be an error, because Claimant does not point to any records or opinions from Dr. Zaman, *see* Doc. 19, and the undersigned's independent review of the record did not reveal any records or opinions from Dr. Zaman. Therefore, the undersigned finds Claimant's argument concerning Dr. Zaman unavailing.

that the ALJ erred by failing to weigh her treating physicians' opinions. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278-79 (11th Cir. 2009) (explaining that simply stating an issue exists, without further argument or discussion, constitutes abandonment of that issue). Therefore, the undersigned will focus on the arguments Claimant has sufficiently developed.

       **1. Dr. Sharma.**

Claimant argues that the ALJ failed to weigh Dr. Sharma's opinion, and, thus, argues that "it is impossible to know how [her] opinion was factored into the [RFC] determination." Doc. 19 at 22. The Commissioner maintains that Claimant failed to identify the opinion the ALJ allegedly failed to consider and weigh, and argues that the record, including Dr. Sharma's treatment records, supports the ALJ's RFC determination. Doc. 24 at 5-8.

The record reveals that Claimant treated with Dr. Sharma, a pain specialist, between April 2012 and April 2014. *See* R. 491-507, 545-60, 700-76, 888-911.[4] Claimant initially began treating with Dr. Sharma for neck pain, but subsequently treated with Dr. Sharma for hand pain, right knee pain, lower back pain, and left shoulder pain. *See id*. Dr. Sharma's physical examinations of Claimant's neck revealed tenderness and/or mildly to moderately reduced range of motion in the cervical spine. *See* R. 491-507, 545-60, 700-76, 897-911. Dr. Sharma's physical examinations of Claimant's hands revealed positive Reverse Phalen's Sign and Tinel's Sign in the right and left wrists. *See* R. 500-507, 545-60, 700-76, 897-911.[5] Dr. Sharma's physical examinations of Claimant's right knee revealed moderate tenderness, and mildly reduced range of motion. *See* R.

---

[4] The undersigned notes that Dr. Sharma's records include a single treatment note about someone other than Claimant. R. 777-81.

[5] "The Phalen's maneuver and the Tinel's test are both commonly used to detect carpal tunnel syndrome." *Jenkins-Dewindt v. Astrue*, Case No. 5:07-cv-314-Oc-10GRJ, 2008 WL 3889736, at *7 n.61 (M.D. Fla. Aug. 20, 2008).

700-52, 897-911. Dr. Sharma's physical examinations of Claimant's lumbar spine revealed tenderness and reduced range of motion. R. 888-911. Dr. Sharma's physical examinations of Claimant's left shoulder revealed moderately reduced range of motion. *See* R. 888-891. Dr. Sharma diagnosed Claimant with various neck, hand, knee, back, and shoulder impairments. *See* R. 491-507, 545-60, 700-76, 888-911. Dr. Sharma, however, did not provide any opinions concerning Claimant's functional limitations. *See id*.

The ALJ considered Dr. Sharma's treatment records, but did not assign any weight to Dr. Sharma's treatment records. R. 18-20.

Claimant maintains that the ALJ erred by not weighing Dr. Sharma's opinions. Doc. 19 at 22. Claimant provides a brief description of Dr. Sharma's treatment and diagnoses, suggesting that Dr. Sharma's treatment reveals that her impairments cause greater functional limitations than those contained in the ALJ's RFC determination. *Id*. Claimant, though, fails to identify any opinion from Dr. Sharma that the ALJ allegedly failed to weigh. *See id*.

The undersigned finds that Claimant has failed to demonstrate that the ALJ committed any error with respect to Dr. Sharma. Claimant, as previously mentioned, fails to identify – and the undersigned's independent review has failed to uncover – any particular findings or statements in Dr. Sharma's treatment records that present medical opinions that address Claimant's work-related functional limitations.[6] *See* Doc. 19 at 22; R. 491-507, 545-60, 700-76, 888-911. Thus, Claimant has failed to demonstrate that Dr. Sharma offered any medical opinions that needed to be weighed. *See Winschel*, 631 F.3d at 1178-79.

---

[6] It is worth noting that, according to Dr. Sharma's treatment notes, Claimant brought to a medical visit "some paperwork her attorney requested, physical capacity evaluation." R. 773. Instead of completing the physical capacity evaluation, Dr. Sharma gave Claimant a "prescription for PT to do a FCE for her paperwork." R. 776. Claimant has not directed the Court to evidence in the record of a physical capacity evaluation completed, or even discussed, by Dr. Sharma.

Further, to the extent that the ALJ was required to weigh Dr. Sharma's treatment records, any resulting error is harmless. The Claimant has pointed to nothing – and the undersigned's independent review has revealed nothing – in Dr. Sharma's treatment records, such as observations concerning Claimant's symptoms or opinions concerning Claimant's functional limitations, that demonstrate that Claimant's impairments caused functional limitations greater than those contained in the ALJ's RFC determination. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *see also Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam). Therefore, Claimant has failed to demonstrate that the ALJ committed any error with respect to Dr. Sharma that would require reversal.

### 2. Dr. Guttman.

Claimant argues that the ALJ erred by assigning significant weight to Dr. Guttman's opinion. Doc. 19 at 17-18. The Commissioner does not respond to this argument. *See* Doc. 24.

Dr. Guttman, a non-examining consultative physician, completed a physical RFC assessment on September 6, 2012. R. 82-85. Dr. Guttman opined that Claimant can frequently lift/carry 10 pounds, and occasionally lift/carry 20 pounds. R. 82. Dr. Guttman opined that Claimant could sit for a total of six hours in an eight-hour workday. *Id.* Dr. Guttman opined that Claimant could stand/walk for a total of six hours in an eight-hour workday. *Id.* Dr. Guttman opined that Claimant is limited to occasionally pushing and pulling with her upper extremities. R. 82-83. Dr. Guttman opined that Claimant could frequently climb ramps/stairs, stoop, kneel, crouch, and crawl, and occasionally climb ladders/ropes/scaffolds. R. 83. Dr. Guttman opined that Claimant has a limited ability to reach overhead. *Id.* Dr. Guttman opined that Claimant should avoid concentrated exposure to vibration, machinery, and heights. R. 84.

The ALJ considered Dr. Guttman's opinion, and assigned it significant weight because it was consistent with the objective imaging studies and the clinical evaluations in the medical evidence. R. 20.

Claimant maintains that the ALJ erred by assigning significant weight to Dr. Guttman's opinion. Doc. 19 at 17-18. Claimant specifically argues that the ALJ erred by assigning more weight to a non-examining physician's opinion than an examining physician's opinion. *Id*. at 17. Claimant also argues that the ALJ erred by assigning significant weight to Dr. Guttman's opinion, because Dr. Guttman did not have the benefit of reviewing the medical evidence that post-dated his opinion. *Id*. at 17-18. Claimant focuses on her EMG and NCS studies, which were performed prior to Dr. Guttman's opinion, on April 26, 2012 (R. 500). *Id*. Claimant seemingly maintains that these studies provide objective evidence of her hand impairments and the severity of her hand impairments, which Dr. Guttman did not consider. *Id*. Therefore, Claimant argues that the ALJ erred by assigning significant weight Dr. Guttman, who did not have an opportunity to review all of the medical evidence. *Id*. at 18.

The undersigned finds that Claimant has failed to demonstrate that the ALJ erred by assigning Dr. Guttman's opinion significant weight. Claimant correctly observes that a non-examining physician's opinion is generally entitled to less weight than the opinion of an examining physician. *Broughton*, 776 F.2d at 962. Claimant, though, fails to identify a single treating or examining source opinion that should have been assigned greater weight than Dr. Guttman's opinion. *See* Doc. 19 at 17.[7] Thus, the undersigned finds that Claimant's first argument is

---

[7] The ALJ implicitly acknowledged the absence of such opinions, finding that "[n]o physician opined that the claimant is disabled and no physician imposed work preclusive limitations upon the claimant." R. 20.

unavailing. *See Singh*, 561 F.3d at 1278-79 (explaining that simply stating an issue exists, without further argument or discussion, constitutes abandonment of that issue).

The undersigned likewise finds Claimant's second argument unavailing. Claimant maintains that Dr. Guttman's opinion should not be entitled to significant weight because he did not have the benefit of reviewing a significant amount of medical evidence. Doc. 19 at 17-18. The ALJ may rely on a non-examining physician's opinion where it is consistent with the medical and opinion evidence. *See* 20 C.F.R. § 404.1527(c)(4). Claimant primarily argues that Dr. Guttman's opinion is not entitled to significant weight because he did not consider her EMG and NCS studies. *See* Doc. 19 at 17-18. These studies, contrary to Claimant's argument, pre-date Dr. Guttman's opinion. R. 500. Dr. Guttman did not expressly discuss the studies,[8] but did discuss treatment records post-dating the studies, specifically mentioning Claimant's positive Phalen's and Tinel signs, which, like the studies, are indicative of carpal tunnel syndrome (CTS). R. 82-83. Thus, while Dr. Guttman did not expressly discuss the EMG and NCS studies, he was nevertheless aware that Claimant exhibited signs of CTS, and, in light of that and other evidence, opined that Claimant was limited in the amount she could lift/carry and could occasionally push and pull with her upper extremities. *Id.* The medical evidence post-dating Dr. Guttman's opinion is largely consistent with the evidence Dr. Guttman considered, revealing that Claimant's CTS did not worsen or result in greater functional limitations than those described by Dr. Guttman. *See* R. 500-507, 545-60, 647-82, 700-76, 897-911.[9] Thus, Claimant has failed to demonstrate that Dr. Guttman's opinion

---

[8] The mere fact that Dr. Guttman did not expressly mention the EMG and NCS studies does not necessarily mean that he did not review and account for those studies in his opinion.

[9] The Claimant underwent carpal tunnel and left trigger thumb release surgery on August 29, 2012. R. 681-82. Claimant subsequently provided the surgeon, Dr. Tamara Clancy, a physical RFC questionnaire, but Dr. Clancy declined to complete the questionnaire because she believed that

is inconsistent with the evidence of record. Therefore, Claimant has failed to demonstrate that the ALJ erred in assigning Dr. Guttman's opinion significant weight. Accordingly, it is **RECOMMENDED** that the Court reject Claimant's first assignment of error.

### B. The ALJ's Reliance on the VE's Testimony.

Claimant argues that since the ALJ failed to properly weigh Drs. Sharma's and Guttman's opinions, the ALJ's hypothetical question was not supported by substantial evidence, and, thus, the ALJ erred by relying on the VE's testimony in determining that Claimant was not disabled. Doc. 19 at 23-24. This argument is unavailing for two principle reasons. First, Claimant fails to articulate what limitations should have, but were not, included in the ALJ's hypothetical. *See id*. Second, the success of Claimant's second assignment of error is contingent upon the success of his first assignment of error. The undersigned, as discussed above, found that the ALJ committed no error with respect to Drs. Sharma and Guttman. *See supra* pp. 3-10. Thus, Claimant's second assignment of error is unavailing. Accordingly, it is **RECOMMENDED** that the Court reject Claimant's second assignment of error.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and
2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case.

---

Claimant would not have any limitations in her upper extremities after she fully recovered from the surgery. R. 660.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 31, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy